## The People of the State of Illinois, Defendant in Error, v. August Sehrer, Plaintiff in Error.

### Gen. No. 6,155.

1. WITNESSES, § 267*—*when credibility of detective for jury.* The testimony of a detective is to be treated like the testimony of any other witness, and his interest, if any, in securing compensation from and success for the side employing him is deemed the same as that of any other witness, and the jury are the judges of the credibility of such testimony.

2. WITNESSES, § 314*—*when credibility of accused for jury.* A defendant in a criminal case is an interested witness when testifying in his own behalf, and the credibility of his testimony is a matter to be determined by the jury.

3. WITNESSES, § 261*—*what may be effect of demeanor of witnesses upon jury.* As between interested witnesses in a criminal case whose testimony is conflicting, the demeanor of the witnesses may have led the jury to place confidence in the truth of the testimony of those on one side of the case and to discredit those on the other.

4. INTOXICATING LIQUORS, § 130*—*when presumed saloon keeper tempted to violate law.* A person who keeps a barroom open on Sunday to sell soft drinks would obviously be tempted to sell intoxicating liquor, if opportunity offered.

5. INTOXICATING LIQUORS, § 148*—*when evidence sufficient to sustain conviction.* In a prosecution in which defendant was charged with keeping open a tippling house on Sunday, where the jury believed the testimony of certain detectives who testified that defendant sold them lager beer, and discredited defendant's evidence that the liquor sold was "near beer," evidence *held* to justify a judgment of conviction.

Error to the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed December 8, 1915.

GEORGE W. FIELD, for plaintiff in error.

R. J. DADY and E. M. RUNYARD, for defendant in error.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

August Sehrer was found guilty in the County Court of Lake county under two counts of an information which charged him with keeping open a tippling house on Sunday, and was fined one hundred and fifty dollars under each of said counts and brings the record here for review. It is not argued that the court committed any error, except in refusing to grant a new trial. The sole contention is that the evidence is not sufficient to support the verdict.

At the time in question Sehrer kept a dramshop in the Village of Fox Lake in Lake county, and was running a summer resort in connection therewith. His bar was kept open on Sunday for the sale of temperance drinks, near beer and cigars, at least. A detective testified that he went into Sehrer's barroom on Sunday, August 30, 1914, and called for drinks; that Sehrer required him to sign a paper, dated a day ahead, which he did, and Sehrer then served him lager beer for which he paid. Two detectives testified that on the following Sunday, September 6th, they bought and paid a man behind the bar for lager beer, which was served them, and that defendant was present. They testified that on the following Sunday, September 13th, they were in the same place and ordered a drink of defendant and he refused to sell to them and that another man in the barroom said, in the presence of defendant, that he had bought up some liquor to be delivered on Sunday and that they could have some of his, and that the liquor was served and that no money was then exchanged; that a few minutes later, they had another bottle of lager beer, for which the stranger paid the defendant over the bar. Defendant denied selling lager beer to these witnesses on any of said Sundays, but admitted that they were in his place of business and he sold them "near beer."

It is contended that the witnesses for the People should not be believed because they were detectives, and reliance is had upon language in the opinion in

*Blake v. Blake,* 70 Ill. 618. That language had the sanction of only three of the seven judges. Three judges dissented entirely, and expressly dissented from the language concerning detectives. Another judge concurred in the conclusion only in that case, which was affirming a decree against complainant in a suit for divorce. This court disapproved an instruction intended to discredit detectives in *People v. Gardt,* 175 Ill. App. 80, and this was approved and affirmed in 258 Ill. 468. The true rule we conceive to be that the testimony of a detective is to be treated like the testimony of any other witness, and his interest, if any, in securing compensation from and success for the side which employs him is to be considered the same as the interest of any other witness, and the jury are the judges whether he shall be believed. The defendant also was interested, and the credit to be given his testimony was a matter to be determined by the jury. The jury believed the detectives and disbelieved the defendant. The trial judge approved that conclusion. There may have been that in the demeanor of the detectives on the stand which gave the jury confidence in the truth of their testimony. Obviously defendant, who was keeping his barroom open on Sunday with his usual servants to sell soft drinks, would be subject to a temptation to sell intoxicating liquor, if the opportunity offered. The jury and the trial judge may have seen that in the demeanor of the defendant on the stand which led them to believe that he had yielded to that temptation. It is impossible that we should say that the jury should have believed the defendant and should have disbelieved the People's witnesses. The evidence for the People, if believed, justified a conviction. *People v. McCann,* 247 Ill. 130; *People v. Conners,* 246 Ill. 9; *People v. Horchler,* 231 Ill. 566. The judgment is therefore affirmed.

*Affirmed.*